IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JUAN LOPEZ, <br><br> *Plaintiffs*, <br><br> v. <br><br> U.S. DEPARTMENT OF HOMELAND SECURITY, <br><br> U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, <br><br> ALEJANDRO MAYORKAS SECRETARY OF US DHS, <br><br> AND <br><br> TAE JOHNSON ACTING DIRECTOR US ICE. <br><br> *Defendants*. | § § § § § § § § § § § § § § § § § § § § § § § CIVIL ACTION NO. _____ |

## VERIFIED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

### I.   NATURE OF THE ACTION

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, for declaratory, injunctive, and other appropriate relief and seeking the disclosure and release of agency records improperly withheld from Plaintiff by Defendants U.S. Department of Homeland Security ("DHS"), U.S. Immigration and Customs Enforcement ("ICE"), Alejandro Mayorkas, in his official capacity only, ("Mayorkas"), and Tae Johnson, in his official capacity only, ("Johnson").

2. With this Complaint for Declaratory and Injunctive Relief (Complaint), Plaintiff

challenges Defendants' refusal to conduct a legally adequate search for all responsive agency information as mandated by FOIA, Defendants' refusal to produce all segregable responsive agency information in its possession in violation of FOIA, and Defendants' refusal to produce the lawfully required *Vaughn* index as required by FOIA and D.C. Circuit Court precedent. *See Vaughn v. Rosen*, 484 F.2d 820 (D.C.Cir. 1973), *on remand to*, 383 F.Supp. 1049 (D.D.C. 1974), *judgment aff'd*, 523 F.2d 1136 (D.C.Cir. 1975)(The government must provide detailed justification of its exemption claims, and it must specifically itemize and index each document or portion thereof so as to show which were disclosable and which were exempt);

3. *Batton v. Evers*, 598 F.3d 169, 175 (5th Cir.2010) (citing *Cooper Cameron Corp. v. United States Dep't of Labor,* 280 F.3d 539, 543 (5th Cir.2002) ("Thus, in a FOIA case, a court 'generally will grant an agency's motion for summary judgment only if the agency identifies the documents at issue and explains why they fall under exemptions.'")

4. This lawsuit is brought due to Defendants' refusal to adequately search for and produce all nonexempt responsive agency information in Defendants' possession, which Plaintiff needs to have effective assistance of counsel; thus, forcing Plaintiff to file the instant lawsuit after Plaintiff's administrative FOIA remedies have been exhausted. In support of Plaintiff's Complaint, Plaintiff alleges as follows:

## II.   JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B).

6. This Court has jurisdiction over this action pursuant to 5 U.S.C. §552(a)(4)(B) (Freedom of Information Act), 5 U.S.C. §551 *et seq*., 5 U.S.C.§555(b),   §702,   §704 and   §706

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

(Administrative Procedure Act), and 28 U.S.C. §1331 (federal question) as this action arises under the Freedom of Information Act. 5 U.S.C. §552 *et seq*.

7. The aid of the Court is invoked under 28 USC §§ 2201 and 2202, authorizing a declaratory judgment.

8. Venue is proper under 5 U.S.C. § 552(a)(4)(B) because Plaintiff resides in this district and the Defendants have a local office in this district.

### III.  TIME FOR DEFENDANTS TO RESPOND

9. Pursuant to FOIA, 5 U.S.C. § 552(a)(4)(C), Defendants have thirty (30) days to respond to the instant Complaint.

### IV.  PLAINTIFF OBJECTS TO ANY CONTINUANCE

10. Because Plaintiff has been trying to obtain the requested agency information for an extended period of time through multiple administrative FOIA requests, Plaintiff objects to any continuance requested by Defendants in responding to the instant Complaint. Any unwarranted continuance would make FOIA's twenty (20) day mandate for Defendants to produce all responsive agency information to FOIA requesters, and FOIA's thirty (30) day litigation response period, meaningless. *See* 5 U.S.C. § 552(a)(6)(A)(i)-(ii); 5 U.S.C. § 552(a)(4)(C).

### V.  PARTIES

11. Plaintiff Juan Francisco Lopez ("Lopez") is citizen of Mexico. Lopez is the primary subject of the requested information. Plaintiff requested information that was very specific to himself. This information is in the possession of the Defendants. Plaintiff has requested the specific information pursuant to FOIA, 5 U.S.C. § 552.

12. Defendant U.S. Department of Homeland Security ("DHS") is a department of the Executive branch of the United States Government, and is responsible for securing the nation's

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

borders, in part by enforcing federal immigration laws and managing the immigration process. DHS is an agency within the meaning of 5 U.S.C. § 552(f). DHS has possession, custody, and control of records that are responsive to the FOIA that the Plaintiff has requested.

13. Defendant, U.S. Immigration and Customs Enforcement ("ICE"), a component agency within the DHS, is responsible for enforcing federal immigration statutes. ICE is an agency within the meaning of 5 U.S.C. §552(f). ICE has possession, custody, and control of records that are responsive to the FOIA that the Plaintiff has requested.

14. Defendant Alejandro Mayorkas ("Mayorkas") is the Secretary of DHS. He oversees all functions of DHS and its agencies. He is sued only in his official capacity.

15. Defendant Tae Johnson ("Johnson") is the acting Director of ICE. He oversees all functions of ICE. He is sued only in his official capacity.

## VI.  LEGAL FRAMEWORK

16. FOIA was passed with the intent to allow individuals access to information under government control. When a FOIA request for information is made to a federal government agency, that agency has twenty (20) working days to respond to the request. 5 U.S.C. § 552(a)(6)(A)(i). The agency may grant itself a ten (10) working day extension where "unusual circumstances" exist, but the agency must notify the FOIA requester by "written notice to the person making such request setting forth the unusual circumstances." 5 U.S.C. § 552(a)(6)(B)(i).

17. Where an agency has failed to respond to a FOIA request within the mandated time period, the person making the FOIA request is deemed to have exhausted his administrative remedies. 5 U.S.C. § 552(a)(6)(C)(i). The FOIA requester may then file suit in the federal district court to enforce the Freedom of Information Act. 5 U.S.C. § 552(a)(4)(B). On complaint, the U.S. District Court may "enjoin the agency from withholding agency records and ... order the production of

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

any agency records improperly withheld from complainant" ... "and <u>the burden is on the agency</u> to sustain its action." 5 U.S.C. § 552(a)(4)(B) (emphasis added). Thus, unlike other civil actions where the burden of proof is generally on the plaintiff, in a FOIA lawsuit the burden of proof on <u>every element</u> of the law is on the federal agency defendant to prove by clear and convincing evidence that it did not violate FOIA. *Id*.

18. Plaintiff has exhausted its FOIA administrative remedies with all Defendant. All Defendant have failed to conduct a legally adequate search for all of the requested agency information in their possession. In addition, neither Defendants have produced the requested nonexempt agency information to Plaintiff in its entirety, including the Vaughn index. Therefore, all Defendants are in violation of FOIA, 5 U.S.C. § 552.

## VII.  EXHAUSTION OF ADMINISTRATIVE REMEDIES

19. Plaintiff exhausted administrative remedies by completing Defendants' administrative appeal process for all final FOIA request decisions issued by Defendants pertaining to Plaintiff's requests. Plaintiff is deemed to have exhausted administrative remedies where Defendants have not responded within the prescribed statutory period. 5 U.S.C. § 552(a)(6)(C)(i).

## VIII.   STATEMENT OF FACTS

28. Mr. Lopez, a citizen and Native of Mexico. He is a proud father of a US military serviceman. He has been waiting for years to legally immigrate to the United States.

29. A review of Mr. Lopez's FBI rap sheet reveals a possible arrest by ICE's Homeland Security Investigation Unit. A search was conducted with the clerk of the Federal Court in the Southern District of Texas. No records were found related to the case that appeared on his rap sheet.  Leaving the only other possible entity to have those records as ICE.

A.      **Plaintiff's FOIA Requests and Defendants' Failure to Respond**

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

93. By two separate email requests, Plaintiff submitted two FOIA requests for documents, records, data, and information pertaining to Plaintiff Lopez and a July 7, 1995, arrest, which made the basis of these requests. Both requests have produced no results or a response from the Defendants, except for an acknowledgment email for one of the requests.

**B.    ICE has violated FOIA**

94. Plaintiff has received no production of information from the Defendant. In addition, the lawfully required Vaughn index fully describing the search methods employed and individually describing the lawful basis for each exemption on each page of information has not been produced to Plaintiff as mandated by FOIA by any of the Defendants. *See Vaughn v. Rosen*, 484 F.2d 820 (D.C.Cir. 1973), *on remand to*, 383 F.Supp. 1049 (D.D.C. 1974), *judgment aff'd*, 523 F.2d 1136 (D.C.Cir. 1975)(The government must provide detailed justification of its exemption claims, and it must specifically itemize and index each document or portion thereof so as to show which were disclosable and which were exempt); *Batton v. Evers*, 598 F.3d 169, 173 (5th Cir.2010)("the district court abused its discretion by failing to order a *Vaughn* index").

95. Defendant's refusal to search for and produce the requested nonexempt agency information in its possession is not attributable to Plaintiff.

96. Plaintiff has been irreparably harmed because of Defendant's unlawful failure to produce the information requested under the Freedom of Information Act, because without the requested information, the undersigned counsel will be unable to effectively represent his client; and Plaintiff Lopez will not receive either procedural due process or effective assistance of counsel as guaranteed by the Fifth and Sixth Amendments respectively. *Accardi v. Shaughnessy*, 347 U.S. 260 (1954)(A government agency's failure to follow its own regulations that are promulgated to protect fundamental statutory or constitutional rights violates due process and no showing of

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

prejudice or harmful error is required); *Bridges v. Wilson*, 326 U.S. 135 (1945); *Zadvydas v. Davis*, 533 U.S. 678, 693 (2011)("[T]he Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent"); *Padilla v. Kentucky*, 559 U.S. 356 (2010)(Aliens present in the United States are afforded the right to effective assistance of counsel under the Sixth Amendment to the U.S. Constitution); *Reno v. Flores*, 507 U.S. 292, 306 (1993)("It is well established that the Fifth Amendment entitles aliens to due process of law in deportation proceedings."); *see also Plyler v. Doe*, 457 U.S. 202 (1982); *Wong Yang Sung v. McGrath*, 339 U.S. 33 (1950); *Hernandez v. Cremer*, 913 F.2d 230 (5th Cir. 1990); *Chike v. INS*, 948 F.2d 961 (5th Cir. 1991).

**C.  Defendant ICE's Failure to Timely Comply with Plaintiff's Request**

97.  Plaintiff submitted a FOIA request to Defendant ICE, first on June 7, 2022, and later on February 3, 2023, both via email as directed by the ICE's website.

98.  Plaintiff's FOIA request to ICE asked for copies of records pertaining to Plaintiff Lopez's arrest and investigation conducted by ICE in or around 1995 (Agency Case – AR73755942), see EXHIBIT A, and any other information found in anything within ICE's jurisdiction and control. Plaintiff further requested ICE for all records pertaining to Plaintiff Lopez held by ICE.

99.  Defendant ICE never even acknowledged the first FOIA dated June 7, 2022.

100. On February 3, 2023, Plaintiff filed a second FOIA request, which was acknowledged by the Defendant on February 9, 2023, via an email. ICE assigned a case number to that request, 2023-ICFO-12459. No further response or communication has ever been received by the Defendants to this date.

101. On April 4, 2023, Plaintiff sent the Defendant a follow-up email to get a status update to no avail. Defendant never acknowledged or responded to Plaintiff's email.

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

102. Plaintiff has exhausted the applicable administrative remedies with respect to its FOIA request to the ICE.

103. ICE has wrongfully withheld the requested records from Plaintiff.

104. Plaintiff specific requests and all correspondence are included in EXHIBIT B.

## IX. CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION
### DECLARATORY JUDGEMENT ACT

105. Plaintiff incorporates by reference all previous paragraphs as if fully set forth herein.

106. Plaintiff contends that Defendants' actions violate 5 U.S.C. § 552(a)(6)(A) and 6 C.F.R. § 5.6(c).

### SECOND CAUSE OF ACTION
### INJUNCTIVE RELIEF

107. Plaintiff incorporates by reference all previous paragraphs as if fully set forth herein.

108. Plaintiff contends that Defendant should be required to expedite Plaintiff's FOIA request and make the requested documentation, records, data, files, information, etc. available to Plaintiff forthwith.

### THIRD CAUSE OF ACTION
### VIOLATION OF THE FOIA – IMPROPER WITHHOLDING OF AGENCY RECORDS

109. Plaintiff incorporates by reference all previous paragraphs as if fully set forth herein.

110. Plaintiff has a legal right under the FOIA to obtain agency records described in his FOIA requests.

111. No legal basis exists for Defendants' failure to adequately search for and promptly disclose responsive agency records in accordance with requirements set forth in the FOIA.

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

112. Defendants' failure to make reasonable efforts to search for responsive agency records, and its wrongful withholding of agency records sought in connection with Plaintiff's FOIA requests, violates the FOIA.

113. Defendants' wrongful withholding of the agency records sought in connection with Plaintiff's requests violates the FOIA.

114. Plaintiff is being irreparably harmed by reason of Defendant's unlawful withholding of the requested agency information; and Plaintiff will continue to be irreparably harmed unless Defendants are compelled to conform their conduct to the requirements of FOIA.

115. Plaintiff has exhausted all of his administrative remedies.

### FOURTH CAUSE OF ACTION
### VIOLATION OF THE FOIA – FAILURE TO MAKE A DETERMINATION AND PROMPTLY PRODUCE RESPONSIVE DOCUMENTS

116. Plaintiff incorporates by reference all previous paragraphs as if fully set forth herein.

117. Defendants are obligated under 5 U.S.C. § 552(a)(6)(A)(i) to make a determination on Plaintiffs' FOIA Request within twenty business days. In unusual circumstances, Defendant may invoke an extension no longer than ten days. 5 U.S.C. § 552(a)(6)(B)(i).

118. Defendants have failed to make a determination within thirty days, the maximum amount of time permitted under the statute.

119. Defendants are obligated to produce responsive records promptly under 5 U.S.C. § 552(a)(3)(A)(i).

120. Defendants have failed to promptly produce responsive records.

121. Defendants' failure to make a determination within the statutory time frame and produce responsive records promptly violates 5 U.S.C. §§ 552(a)(3)(A), (a)(6)(A)(i), and (a)(6)(B)(i).

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

122. Defendants exceeded the legal response time of twenty days in 5 U.S.C. §552(a)(6)(A)(i) and failed to provide written notice if a ten-day extension was needed in the "unusual circumstances" set forth in 5 U.S.C. § 552(a)(6)(B) and 6 C.F.R. § 5.6(c).

### FIFTH CAUSE OF ACTION
### VIOLATION OF THE FOIA – FAILURE TO CONDUCT AN ADEQUATE SEARCH FOR RESPONSIVE RECORDS

123. Plaintiff incorporates by reference all previous paragraphs as if fully set forth herein.

124. Defendants have custody and control over the records Plaintiff seeks through his FOIA request.

125. Defendants bear the burden of proving beyond material doubt that it performed an adequate search for responsive records.

126. Defendants are obligated under 5 U.S.C. § 552(a)(3) to conduct a reasonable search for records responsive to Plaintiff's FOIA requests. Defendants failed to conduct such a search.

127. Defendants possess the records Plaintiff seeks and Plaintiff has a legal right to obtain such records. No legal basis exists for Defendants' failure to search for them.

128. Defendants' failure to conduct a reasonable search for records responsive to Plaintiff's requests violates 5 U.S.C. § 552(a)(3).

### SIXTH CAUSE OF ACTION
### VIOLATION OF THE FOIA – REQUEST FOR ATTORNEY FEES

129. Plaintiff incorporates by reference all previous paragraphs as if fully set forth herein.

130. Plaintiff contends that Defendants should be required to pay for Plaintiff's attorney fees and related cost in accordance with the FOIA for all violations under the FOIA, for having to bring this suit and any related matters.

131.  Plaintiff seeks an award of its attorney's fees, costs and expenses under FOIA, 5 U.S.C. § 552(a)(4)(E). *See Gahagan v. U.S. Citizenship and Immigration Services*, 2016 WL 1110229

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

(E.D.La.2016)(Brown, J.); *Gahagan v. United States Customs and Border Protection*, 2016 WL 3090216 (E.D.La.2016)(Brown, J.); *Hernandez v. U.S. Customs and Border Protection Agency*, 2012 WL 398328 (E.D.La. 2012)(Barbier, J.).

## SEVENTH CAUSE OF ACTION
## VIOLATION OF THE APA – ARBITRARY AND CAPRICIOUS

132. Plaintiff incorporates by reference all previous paragraphs as if fully set forth herein.

133. Defendants' action in withholding the requested information was arbitrary and capricious under 5 U.S.C. §551 *et seq.*, 5 U.S.C.§ 555(b), §702, §704 and §706, the Administrative Procedure Act.

134. Defendants have willfully and unreasonably delayed and refused to provide Plaintiff with the information requested under FOIA in a timely manner, despite a showing of "exceptional need or urgency".

## EIGHTH CAUSE OF ACTION
## VIOLATION OF THE APA – EQUAL ACCESS TO JUSTICE ACT

135. Plaintiff incorporates by reference all previous paragraphs as if fully set forth herein.

136. The Defendants' delay is without justification and has forced the Plaintiff to resort to this Court for relief, and the Plaintiff is entitled to attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(2).

137. Plaintiff will seek attorney's fees and costs under the Equal Access to Justice Act (EAJA), as amended, 5 U.S.C. § 504 and 28 U.S.C. § 2412.

## NINTH CAUSE OF ACTION
## VIOLATION OF THE FOIA – PATTERN AND PRACTICE OF FAILING TO TIMELY ADJUDICATE FOIA PROCESSING REQUESTS

138. Plaintiff incorporates by reference all previous paragraphs as if fully set forth herein.

139. Since receiving Plaintiff's FOIA requests, the Defendants has failed to adjudicate it, in violation of the FOIA. This has been done multiple times and with various agencies of the DHS,

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

therefore creating a pattern.

140. Defendant's failure to properly and lawfully handle Plaintiff's multiple requests for adjudicating and properly processing is part of a pattern and practice by Defendant's FOIA office.

141. Plaintiff has personal and ongoing interest, and a legal right under the FOIA, in being able to make FOIA requests through the expedited processing provisions of the Act.

142. Defendant's chronic failure to timely respond to FOIA processing requests like those from requestors violates the letter and purpose of the Act by depriving FOIA requestors of timely information allowing them to determine what their government is up to in real time.

143. Plaintiff has constructively exhausted his administrative remedies with respect to expedited processing.

## X. REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff prays that this Court:

A. Assume jurisdiction over this matter;

B. Find and Declare that Defendants violated 5 U.S.C. §§ 552(a)(6)(A) and (B), 552(a)(3)(A), and 6 C.F.R. §§ 5.5(c) and 5.6(c) by failing to provide a timely response to Plaintiff's FOIA requests;

C. Find and Declare that Defendants violated 5 U.S.C. § 552(a)(6)(B) and 6 C.F.R. § 5.6(b) by failing to provide adequate notice within twenty (20) days of the "unusual circumstances" that prevented Defendants from processing Plaintiff's FOIA requests in a timely fashion;

D. Find and Declare that Defendants violated 5 U.S.C. § 552(a)(6)(B) by failing to provide the date on which a determination is expected to be dispatched;

E. Find and Declare that Defendants' failure to conduct an adequate search violates 5 U.S.C.

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

§ 552(a)(3);

F. Find and Declare that Defendant's failure to process the Plaintiffs' FOIA request as soon as practicable violates 5 U.S.C. § 552(a)(6)(E);

G. Find and Declare that Defendant's failure to process the Plaintiffs' FOIA request as soon as practicable violates 5 U.S.C. § 552(a)(6)(E);

H. Order Defendants to conduct an adequate and comprehensive search, within all records that the agency has possession or access to, for records responsive to the FOIA requests filed by Plaintiff under 5 U.S.C. § 552(a)(3);

I. Order all Defendants to conduct a legally adequate search for all requested information in Plaintiff's FOIA request, segregate all nonexempt information responsive to Plaintiff's FOIA request, produce forthwith all nonexempt information responsive to Plaintiff's FOIA request, and produce a *Vaughn* index of all responsive information withheld under claim of exemption;

J. Enjoin all Defendants from continuing to withhold any nonexempt agency information responsive to Plaintiff's FOIA request;

K. Order Defendants to produce all records responsive to Plaintiff's FOIA requests as soon as practicable in accordance with its grant of expedited treatment under 5 U.S.C. § 552(a)(6)(E)(iii), within 30 days, or alternatively on an expedited schedule established by the Court;

L. Order Defendants to disclose the requested records in their entirety and make copies available to Plaintiff;

M. Preliminarily and permanently enjoin and restrain Defendants and any of their agents or other persons, departments, or components acting for, with, by, through, or under them

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

     from withholding the agency records at issue in this case, or frivolously claiming exemptions under FOIA;

N. Find and Declare that Defendants' denial of Plaintiff's request for expedited processing violated the Freedom of Information Act in that Plaintiff demonstrated that substantial due process rights would be impaired by the failure to process immediately and thus established an "exceptional need or urgency";

O. Find and Declare that the agency action in this case was "arbitrary and capricious" thus violating the Administrative Procedure Act;

P. Provide for expeditious proceedings in this action;

Q. Award Plaintiff reasonable attorneys' fees and other litigation costs pursuant to 5U.S.C. § 552(a)(4)(E) and any other applicable statute or regulation; and

R. Grant such other relief as the Court may deem just, equitable, and appropriate.

                                          **RESPECTFULLY SUBMITTED,**

                                          **MALIK & ASSOCIATES, PLLC.**

Respectfully submitted on <u>May 2, 2023</u>.
/s/ Adam Malik
Adam Malik
Attorney-In-Charge
Texas Bar Number: 24094151

Malik & Associates, PLLC
P.O. Box 110251
Carrollton, TX 75011
(214) 881-2100 Tel
(469) 262-5800 Fax
amalik@malikfirm.com Email

                                          **ATTORNEY FOR PLAINTIFF**

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

## VERIFICATION

I, Juan Lopez, am a Plaintiff named in this action. I state under penalty of perjury that I have read the contents of this Original Verified Complaint for the Declaratory Judgment, Injunctive, and other Relief, and the exhibits submitted in support thereof, and I certify under penalty of perjury, for myself that the statements and claims made are true and correct of my knowledge, except as to those statements made on information and belief, and as to those, I believe them to be true.

JUAN FRANCISCO LOPEZ
Juan Lopez

Date  5-2-23

SUBSCRIBED AND SWORN to before me this __2__ day of May 2023.

Notary Public



DIANA FISCAL
Notary Public, State of Texas
Comm. Expires 01-09-2026
Notary ID 131402249